# DORSETT et al. *v.* LAMBETH, Executor.

A testator directed that a certain sum of money should be invested in stock, and the interest
  paid to a legatee during her life, the amount after her death to revert to his estate.  The
  amount was not invested, but one of the executors retained it, and paid the interest to the
  legatee until her death.  The residuary legatee bequeated this legacy to plaintiffs, who
  sued the succession of the residuary legatee for the amount of the legacy: *Held*, that the
  legacy not having been paid to the succession of the residuary legatee, it cannot be made
  liable for the amount; but that plaintiffs' remedy is' against the party by whom the leg-
  acy was retained, and who still holds it.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J. *Upton*,
for the plaintiffs.  *Moise* and *Randolph*, for the appellant.  The judgment
of the court was pronounced by

EUSTIS, C. J.  This appeal is taken from a judgment rendered in the late
court of Probates of New Orleans, against the defendant, as dative executor of
*Phillip Taylor*, by which the estate of *Phillip Taylor* is charged with the pay-
ment of the amount of a legacy of $5000 in favor of the plaintiffs·  The only
question to be examined is, as to the correctness of this judgment·  It is not
whether the legacy is due to them, nor who is bound to pay it to them, but
whether the succession of the deceased, under the administration of the exec-
utor, is liable for it.

The clause in the will of the deceased, on which the judgment is based, is in
these words:  " I desire that the legacy of $5000, left by my late brother *A.
R. Taylor* to *Miss Ann Lowry*, a young lady raised in my father's family, which

DORSETT
v.
LAMBETH.

is to revert to my brother's estate after her death, be equally divided between the children of my two friends" &c.   The legacy of the testator *A. R. Taylor* is to the effect that, an investment of $5000 be made in some safe stock, the interest of which was to be paid to *Miss Lowry* during her life time ; and after her death, the sum to revert to the testator's estate, of which *Phillip Taylor* was the residuary legatee.

The investment was not made by the executors of *A. R. Taylor*, but the amount of $5000 was retained by them ; and subsequently one of the executors, *Lambeth*, who is also the dative executor of *Phillip Taylor*, gave a bond, with surety to the administrators of his succession in Missouri, to pay the amount according to the provisions of the will of *Phillip Taylor*, in the event of the death of *Miss Lowry*.   *Miss Lowry* having died, and the amount never having gone into the estate of *Phillip Taylor*, it is obvious that the judgment against the succession cannot be sustained.   The legacy of*Phillip Taylor* was of *the legacy* of his brother.   That legacy is in the hands of *Lambeth ;* and the remedy of the parties must be sought against him, and not against the succession of *Phillip Taylor*.

This being our view of the case, it is not material to examine the objections to the validity of the legacy of *A. R. Taylor* in favor of *Miss Lowry*, as involving a substitution.

The judgment appealed from is, therefore, reversed ; and the suit of the plaintiffs' dismissed, with costs in both courts.